THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
LESTER L. COLVIN, Defendant-Appellant.

Third District No. 81-346

Opinion filed February 24, 1982.—Rehearing denied March 25, 1982.

Robert Agostinelli, Gary Hicks, and G. Joseph Weller, all of State Appellate Defender's Office, of Ottawa, for appellant.

John A. Barra, State's Attorney, of Peoria (John X. Breslin and Rita Kennedy Mertel, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

JUSTICE HEIPLE delivered the opinion of the court:

After a jury trial in the circuit court of Peoria County, defendant Lester L. Colvin was convicted of burglary. A seven-year sentence of imprisonment was ordered.

The evidence at trial revealed the following facts. At approximately 3:30 a.m. on December 9, 1980, Peoria County deputy sheriff John Vallely received a radio message that a burglar alarm had sounded at Hollis Grade School. As Vallely approached the school he noticed an auto with a warm engine parked approximately 100 yards from the school. Further investigation revealed that the auto was registered to Lester L. Colvin. Vallely waited 10 minutes for Officers Needham and Williams to arrive.

Upon their arrival, Williams remained with the Colvin vehicle while Vallely and Needham drove to the school in their separate vehicles to check the building. Needham remained at the front of the school. Vallely drove around to the rear of the building where he observed a small hole in a window. This window was not broken two hours earlier; during his regular rounds Vallely had checked the school building. Vallely then turned his headlights and spotlights on the rear of the school and saw the head of a white male move up and down inside the window. He notified the other officers of his observations by radio. Two minutes later Needham saw three white males running across the front of the school. Needham requested assistance and pursued them on foot.

When the three men turned the corner of the building, they stopped and reversed directions. They were now running back towards Needham who was in uniform. Needham drew his revolver and ordered them to halt. One of the three men attempted to open a locked door to the school building, and the other two individuals continued running. When they got closer to Needham, they stopped and placed their hands on the school building as directed. Lester L. Colvin was one of the two individuals.

The third individual submitted and as Needham frisked and handcuffed the three men, Vallely arrived to assist. Vallely asked the men, "How many more are inside the building?" One suspect replied, "One." Colvin replied, "None."

After the handcuffed men were placed in Vallely's squad car, Needham noticed that the window going into the school kitchen had been pushed open. The screen had been removed. It was found inside the school when the officers searched the school looking for another possible suspect. Finding the school vacant, the officers returned to inspect the kitchen area. There they observed what appeared to be evidence of a burglary interrupted. Burglary tools were strewn on the floor. Refrigerator doors were open. The door of a large meat locker had been removed. Three large garbage cans were filled with frozen meat in various stages of thaw.

No evidence or testimony was presented by Colvin, who moved for a directed verdict of acquittal at the close of the State's case. Colvin's motion was denied. The jury found Colvin guilty of burglary. A sentencing hearing was conducted, and Colvin, who had a previous burglary conviction, received a sentence of seven years' imprisonment.

■■ On appeal, defendant Colvin initially claims that his response to Officer Vallely's inquiry as to whether anyone was inside the school should have been suppressed because he was then in custody and had not been given his *Miranda* rights. We agree. It was error for the trial court to deny Colvin's motion to suppress his response to the officer's question.

The landmark case of *Miranda v. Arizona* (1966), 384 U.S. 436, 16 L.

Ed. 2d 694, 86 S. Ct. 1602, set forth rules of police procedure applicable to "custodial interrogation." Therein, the Supreme Court stated:

"By custodial interrogation, we mean questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way." (384 U.S. 436, 444, 16 L. Ed. 2d 694, 706, 86 S. Ct. 1602, 1612.)

In the instant case, Officer Vallely's question was posed when the three men had been handcuffed. From such actions on the part of the police, we believe it clear that the defendant Colvin and his companions were in custody. Vallely's question was likely to evoke an incriminating response from the men. Thus, the failure of the police to comply with the *Miranda* safeguards prior to asking the question renders Colvin's response inadmissible.

■■ While the admission of Colvin's response was error, in the setting of this particular case we consider it harmless error. According to the standard set forth in *Chapman v. California* (1967), 386 U.S. 18, 17 L. Ed. 2d 705, 87 S. Ct. 824, we believe that the error complained of did not contribute to the verdict obtained. The other competent evidence adduced at trial, recited earlier, amply supports Colvin's guilt independent of his statement.

Defendant Colvin was not the only suspect to respond to the police officer's inquiry as to whether anyone else was in the school building. Another suspect replied that one person remained in the building. Colvin argues that such response was hearsay and should have been excluded on that basis. We do not agree.

■■ The statement of the other suspect was not hearsay because it was admissible for nonhearsay purposes. His response was not admitted to prove the truth of the matter asserted, that is, that one person remained in the building. It makes no difference whether the statement is true or false. (E. Cleary and M. Graham, Handbook of Illinois Evidence §801.6, at 402 (3d ed. 1979).) The statement is admissible to show merely that the suspect *answered* the question. From the fact that he answered the question, it may be inferred that he was inside the school building. As such, it is not offered to prove the truth of the statement, *i.e.*, that one person remained in the school. Thus, it is not hearsay and was properly admitted into evidence at the trial.

Judgment of the circuit court of Peoria County is, therefore, affirmed.

Affirmed.

SCOTT, P. J., and STOUDER, J., concur.